UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**CONRAD C. BIELEWICZ, ADMINISTRATOR** :
**OF THE ESTATE OF JOSEPH BIELEWICZ,** :
**DECEASED** :
11399 Wood Road :
PO Box 133 :
Dalton, New York  14836 :
                Plaintiff :
                 :
          v. :   Number:  CIVIL ACTION 16-180 ERIE
                 :
**MICHAEL J. WALT, D.O.** :
181 Interstate Parkway :
Bradford, Pennsylvania  16701 :
        and :
**DIANE KENGERSKY, PA-C** :
225 South Street :
Ridgeway, Pennsylvania  15853 :
        and :
**TRISHA WRIGHT, R.N.** :
6975 Route 59 :
Lewis Run, Pennsylvania 16738 :
                Defendants :   **<u>JURY TRIAL DEMANDED</u>**

## COMPLAINT - CIVIL ACTION (28 U.S.C. § 1332)

### INTRODUCTORY STATEMENT

1.      This is a tort action (professional liability - medical) for damages sustained by a citizen of New York against citizens of Pennsylvania as a result of medical care provided in Pennsylvania which resulted in the death of Plaintiff's decedent on July 15, 2014.

### JURISDICTION

2.      The jurisdiction of this Court is predicated on 28 U.S.C. § 1332.

### PARTIES

3.      Plaintiff Conrad C. Bielewicz, is a citizen and resident of the State of New York residing therein at 11399 Wood Road, PO Box 133, Dalton, New York 14836 and was duly appointed the Administrator of the Estate of Joseph C. Bielewicz, Deceased, by the Surrogate's Court of the State of New York on September 22, 2015.

4.      Defendant Michael J. Walt, D.O., is a licensed professional (Family Medicine) and maintains a principle place of business at 181 Interstate Parkway, Bradford, Pennsylvania 16701. Plaintiff is asserting a professional liability claim against this Defendant.

5.      Defendant Diane Kengersky, PA-C, is a licensed professional (Physician's Assistant) and maintains a principle place of business at 225 South Street, Ridgeway, Pennsylvania 15853. Plaintiff is asserting a professional liability claim against this Defendant.

6.      Defendant Trisha Wright, RN., is a licensed professional (Registered Nurse) and maintains a principle place of business at 6975 Route 59, Lewis Run, Pennsylvania

16738. Plaintiff is asserting a professional liability claim against this Defendant.

7. All of the acts alleged to have been done or not to have been done by Defendant, Michael J. Walt, D.O., were done or not done by said Defendant, his agents, ostensible agents, workmen and/or employees, acting within the course and scope of their employment and in furtherance of said Defendant's business objectives and involved the medical care and monitoring of Plaintiff's decedent, Joseph Bielewicz, while he was incarcerated at FCI – McKean and involved the prescribing of non-steroidal anti-inflammatories, monitoring for liver toxicity, ulcer development and bleeding, and the treatment, care and diagnosis of his abdominal pain.

. 8. All of the acts alleged to have been done or not to have been done by Defendant, Diane Kengersky, PA-C, were done or not done by said Defendant, her agents, ostensible agents, workmen and/or employees, acting within the course and scope of their employment and in furtherance of said Defendant's business objectives and involved the medical care and monitoring of Plaintiff's decedent, Joseph Bielewicz, while he was incarcerated at FCI – McKean and involved the prescribing of Ibuprofen, monitoring for liver toxicity, and the treatment, care and diagnosis of his abdominal pain.

9. All of the acts alleged to have been done or not to have been done by Defendant, Trisha Wright, RN., were done or not done by said Defendant, her agents, ostensible agents, workmen and/or employees, acting within the course and scope of their employment and in furtherance of said Defendant's business objectives and involved the medical care and monitoring of Plaintiff's decedent, Joseph Bielewicz, while he was incarcerated at FCI – McKean and involved the prescribing of Ibuprofen, monitoring for liver toxicity, and the treatment, care and diagnosis of his abdominal pain.

## **_FACTUAL ALLEGATIONS_**

10.  Plaintiff's decedent Joseph Bielewicz was incarcerated at FCI – McKean from November 18, 2012 up through the time of his death on July 15, 2014.

11.  At the time of his incarceration, he made Defendants aware that he had a history of lower right knee pain secondary to surgical repair of his anterior cruciate ligament and meniscus.

12.  Defendants prescribed a heavy course of Ibuprofen including (9) 600 milligram tablets on 11/6/12, (360) 600 milligram tablets on 11/16/12, (540) 800 milligram tablets on 2/14/13 and (540) 800 milligram tablets on 8/1/13.

13.  At all times relevant hereto, Defendants were aware or should have been aware that Plaintiff's decedent, Joseph Bielewicz, also purchased (50) 200 milligram tablets of Ibuprofen from the commissary on July 29, 2013 and July 7, 2014.

14.  In addition to the Ibuprofen, Defendants also prescribed (360) 500 milligram tablets of Naproxen on January 10, 2014.

15.  Defendants at no time during their administration of Ibuprofen and Naproxen performed any monitoring or testing of Plaintiff's decedent's blood and liver function to monitor for the development of ulcers, intestinal bleeding and liver toxicity and function.

16.  Defendant Diane Kengersky, PA-C also prescribed Prednisone 5 milligram dosepack on June 20, 2014.

17.  At all times material hereto, Defendants were aware or should have been aware that Plaintiff's decedent, Joseph Bielewicz's, lab work revealed elevated total bilirubin on June 2, 2014 for blood drawn on May 29, 2014.

18.  On or about June 12, 2014, Plaintiff's decedent, Joseph Bielewicz,

3

completed an Inmate Request to Staff wherein he stated that he feels horrible and thinks he may have a sinus infection in addition to ridiculous ongoing headaches.

19. In response to the June 12, 2014 request, Defendant Diane Kengersky, PA-C saw Plaintiff's decedent Joseph Bielewicz on June 20, 2014 and after conducting a cursory examination prescribed antibiotics and a Prednisone Dosepack for suspected sinusitis.

20. During the June 20, 2014 examination, Plaintiff's decedent, Joseph Bielewicz also reported that his stomach hurt, however, no abdominal examination was undertaken and nothing was done to ascertain the cause of his stomach pain.

21. On June 27, 2014, Plaintiff's decedent returned to the clinic for follow up and saw Defendant Diane Kengersky, PA-C and reported again that his stomach was hurting however no abdominal examination was undertaken and nothing was done to ascertain the cause of the stomach pain.

22. On July 6, 2014, Plaintiff's decedent, Joseph Bielewicz, completed another Inmate Request to Staff stating that his stomach was still bothering him and was very painful and extremely uncomfortable and that he was taking excessive amounts of Naproxen and Ibuprofen to try to alleviate his pain.

23. On July 7, 2014, after receiving no response to his July 6, 2014 inquiry, Plaintiff's decedent, Joseph Bielewicz, completed another Inmate Request to Staff stating that he was having ridiculous stomach pains and that he has to take excessive pain killers in order to function.

24. On July 7, 2014, Defendant Trisha Wright, RN, triaged Plaintiff's decedent, Joseph Bielewicz and noted that he complained about ridiculous stomach pain for over

two weeks and that he was vomiting terribly and was currently nauseous and that he had diarrhea.

25. During Defendant Trisha Wright's triage she noted Plaintiff's decedent's increasing blood pressure (142/80) but failed to conduct an adequate abdominal examination, a complete review of systems and evaluate the cause of his ongoing stomach pain as a result of which she incorrectly concluded that his condition was stable and non-emergent.

26. On July 8, 2014, Plaintiff's decedent, Joseph Bielewicz, was seen by Defendant Diane Kengersky, PA-C, at the clinic, at which time he stated that he had bad abdominal pain and diarrhea for the past two weeks as well as nausea and reported that he was taking Ibuprofen and Naproxen but was not eating.

27. During the July 8, 2014 clinic encounter, Defendant Diane Kengersky, PA-C recorded Joseph Bielewicz's blood pressure as 143/100 but failed to appreciate the significance of the high blood pressure reading or that his blood pressure had been slowly increasing over time.

28. During the July 8, 2014 clinic encounter, Defendant Diane Kengersky, PA-C noted abdominal tenderness on palpation and right lower quadrant tenderness but failed to record any respiratory rate and did not obtain a complete review of systems.

29. As a result of the July 8, 2014 clinic encounter, Defendant Diane Kengersky, PA-C ordered a urinalysis and a complete blood count with differential but did not order such studies on a stat basis and said studies were never performed or cancelled.

30. At all times from June 12 through July 8, 2014, Defendant Michael J., Walt, D.O. was aware of Joseph Bielewicz's clinical deterioration, complaints and findings as set

forth above.

31. On July 13, 2014, Defendant Michael J. Walt, D.O. was made aware that Plaintiff's decedent, Joseph Bielewicz, passed out during evening counts and suffered a 1.5 cm. laceration to his head, vomited clotted blood after ingesting ice and a fruit bar, and passed out a second time after attempting to climb some stairs.

32, Defendant Michael J. Walt, D.O. after being informed of Plaintiff's decedent's condition instructed staff to keep him sitting straight up in a chair and that he would come in to see him.

33. Defendant Michael J. Walt, D.O. examined Plaintiff's decedent on July 14, 2014, at 12:22 am, and despite initially not being able to obtain a blood pressure reading and then ultimately obtaining a blood pressure reading of 92/68 did not call for an ambulance until 20-30 minutes later.

34. Plaintiff's decedent, Joseph Bielewicz, died on July 15, 2014 at Bradford Regional Medical Center secondary to massive upper and lower gastrointestinal hemorrhage due to bleeding gastric and duodenal ulcers.

## NEGLIGENCE ALLEGATIONS

35. The negligence of Defendant Michael J. Walt, D.O., consisted of the following:

(a) Failing to formulate a differential diagnosis with respect to Plaintiff's decedent's abdominal pain;

(b) Failing to timely diagnose Plaintiff's decedent's ulcers;

(c) Failing to properly monitor Plaintiff's decedent's blood and liver functions in light of the high doses of Ibuprofen and Naproxen prescribed to Plaintiff's decedent;

6

(d)     Prescribing and/or authorizing Prednisone for a patient with abdominal pain taking non-steroidal anti-inflammatories;

(e)     Failing to institute any prophylactic therapy to prevent gastritis and ulcer development;

(f)     Failing to timely send Plaintiff's decedent to an emergency room in light of his signs and symptoms indicative of an acute abdomen;

(g)     Failing to order appropriate and necessary laboratory studies;

(h)     Failing to investigate the cause of Plaintiff's decedent's abdominal pain;

(i)     Failing to send Plaintiff's decedent to an emergency room after first learning of the events of July 13, 2014;

(j)     Failing to appreciate the urgency of Plaintiff's decedent's medical condition;

(k)     Waiting 15 minutes or longer to summon an ambulance after failing to obtain any blood pressure then obtaining a blood pressure of 92/68;

(l)     Conducting inadequate physical examinations based on Plaintiff's decedent's medical history and complaints as set forth above;

(m)     Allowing Plaintiff's decedent's to lose a significant amount of blood secondary to bleeding;

(n)     Failing to recognize or appreciate the risks of ulcer development secondary to non-steroidal anti-inflammatory usage;

(o)     Cancelling and/or allowing the cancellation of the July 8, 2014 orders for blood and urine laboratory studies;

(p)     Failing to heed the significance of Plaintiff's abnormal Total Bilirubin; and

(q)     Failing to appreciate the significance of Plaintiff's decedent's increasing

7

blood pressure recordings.

36. The negligence of Defendant Diane Kengersky, PA-C, consisted of the following:

(a) Failing to formulate a differential diagnosis with respect to Plaintiff's decedent's abdominal pain;

(b) Failing to timely diagnose Plaintiff's decedent's ulcers;

(c) Failing to properly monitor Plaintiff's decedent's blood and liver functions in light of the high doses of Ibuprofen and Naproxen prescribed to Plaintiff's decedent;

(d) Prescribing and/or authorizing Prednisone for a patient with abdominal pain taking non-steroidal anti-inflammatories;

(e) Failing to institute any prophylactic therapy to prevent gastritis and ulcer development;

(f) Failing to timely send Plaintiff's decedent to an emergency room in light of his signs and symptoms indicative of an acute abdomen;

(g) Failing to order appropriate and necessary laboratory studies;

(h) Failing to investigate the cause of Plaintiff's decedent's abdominal pain;

(i) Failing to appreciate the urgency of Plaintiff's decedent's medical condition;

(j) Conducting inadequate physical examinations based on Plaintiff's decedent's medical history and complaints as set forth above;

(k) Allowing Plaintiff's decedent's to lose a significant amount of blood secondary to bleeding;

(l) Failing to recognize or appreciate the risks of ulcer development secondary to non-steroidal anti-inflammatory usage;

(m)     Failing to heed the significance of Plaintiff's abnormal Total Bilirubin; and

(n)     Failing to appreciate the significance of Plaintiff's decedent's increasing blood pressure recordings; and

(o)     Cancelling and/or allowing the cancellation of the July 8, 2014 orders for blood and urine laboratory studies.

37.     The negligence of Defendant Trisha Wright, RN., consisted of the following:

(a)     Failing to formulate a differential diagnosis with respect to Plaintiff's decedent's abdominal pain;

(b)     Failing to timely diagnose Plaintiff's decedent's ulcers;

(c)     Failing to timely send Plaintiff's decedent to an emergency room in light of his signs and symptoms indicative of an acute abdomen;

(d)     Failing to urgently obtain appropriate and necessary laboratory studies;

(e)     Failing to investigate the cause of Plaintiff's decedent's abdominal pain;

(f)     Failing to appreciate the urgency of Plaintiff's decedent's medical condition;

(g)     Conducting inadequate physical examinations based on Plaintiff's decedent's medical history and complaints as set forth above;

(h)     Allowing Plaintiff's decedent's to lose a significant amount of blood secondary to bleeding;

(i)     Failing to recognize or appreciate the risks of ulcer development secondary to non-steroidal anti-inflammatory usage;

(j)     Failing to heed the significance of Plaintiff's abnormal Total Bilirubin; and

(k)     Failing to appreciate the significance of Plaintiff's decedent's increasing blood pressure recordings;

(l)     Cancelling and/or allowing the cancellation of the July 8, 2014 orders for blood and urine laboratory studies; and

(m)    Concluding that Plaintiff's decedent's condition was stable and non-emergent on July 7, 2014.

## SURVIVAL CLAIM

38.     Plaintiff, as Administrator of the Estate of Joseph Bielewicz, deceased, makes claims on behalf of the Estate of Joseph Bielewicz, deceased, under and by virtue of the Act of 1972, June 30, P.L. 508, No. 164, Section 2, eff. July, 1972, as amended, 20 Pa. C.S.A. §3371, et. seq. (known as the "Pennsylvania Survival Act").

39.     Plaintiff, Administrator of the Estate of Joseph Bielewicz, deceased, makes claims on behalf of the Estate of Joseph Bielewicz, deceased, for damages due to the conscious pain and suffering, loss of life's pleasures, embarrassment and humiliation, and inability to enjoy life and life's pleasures suffered by Plaintiff's decedent, up to and including the time of his death.

40.     As a result of the death of Joseph Bielewicz, deceased, his Estate has been deprived of the economic value of decedent's life during the period of his life expectancy and Plaintiff, as Administrator of the Estate of Joseph Bielewicz, deceased, claim damages for the pecuniary loss sustained by the Estate as a result of his death, including lost wages.

41.     Plaintiff seeks damages in excess of the amount necessary for diversity jurisdiction as set forth in 28 U.S.C. § 1332.

**WHEREFORE**, Plaintiff claims of the Defendants herein a sum in excess of the jurisdictional limits for diversity jurisdiction.

## **WRONGFUL DEATH CLAIM**

42.     Plaintiff's decedent, Joseph Bielewicz, left surviving him the following:

(a)     His father, Conrad C. Bielewicz, 11399 Wood Road, PO Box 133, Dalton, New York 14836;

(b)     His mother, Diane Bielewicz, 2841 Ebert Road, Dalton, New York 14836;

(c)     His sister, Julie Bielewicz, 385 Chaparral Drive, Prescott, Arizona 86301; and

(d)     His sister, Jennifer Bielewicz, 2841 Ebert Road, Dalton, New York 14836.

43.     Plaintiff, Administrator of the Estate of Joseph Bielewicz, deceased, brings this action on behalf of the survivors of the deceased under and by virtue of the Act of 1855 P.L. as amended, Pa. R.C.P. 2202, as further amended, July, 1976, as further amended, July, 1995, 42 Pa. C.S.A. §8301 (known as the "Pennsylvania Wrongful Death Act").

44.     Plaintiff claims damages for the pecuniary loss suffered by Plaintiff's decedent's survivors by reason of the death of Joseph Bielewicz, Deceased, as well as reimbursement for medical expenses, funeral expenses, and other expenses incurred in connection therewith.

45.     As a result of the death of Plaintiff's decedent, the survivors have been deprived of the comfort, aid, tutelage and maintenance that they would have received from Plaintiff's decedent for the remainder of his natural life.

46. Plaintiff seeks damages in excess of the amount necessary for diversity jurisdiction as set forth in 28 U.S.C. § 1332.

**WHEREFORE**, Plaintiff claims of the Defendants herein a sum in excess of the jurisdictional limits for diversity jurisdiction.

Respectfully Submitted,

THE FEINBERG FIRM, PC.

BY:  /s/Donald J. Feinberg, Esq., LL.M.
      Identification Number:  (PA) 72791
      1800 JFK Blvd., Suite 1400
      Philadelphia, Pennsylvania 19103
      Attorney for Plaintiff
      Phone: (215) 558-2567
      Fax: (215) 558-2568
      E-mail:  Donald@TheFeinbergFirm.com